# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARISOL SANTOS,

        Plaintiff,

v.                                                    Case No: 6:24-cv-90-WWB-LHP

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S CONSENT MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT  (Doc. No. 22)
>
> **FILED:** October 22, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On January 16, 2024, Plaintiff, through counsel of record Sarah Elizabeth Atkins, Esq., filed a complaint against the Commissioner of Social Security regarding the denial of her claim for disability benefits.  Doc. No. 1.  On July 29,

2024, pursuant to an unopposed motion to remand, Doc. No. 17, the Court reversed and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 19; *see also* Doc. No. 18.  Judgment was entered accordingly the following day.  Doc. No. 20.

On October 22, 2024, Plaintiff filed the above-styled motion requesting an award of $8,750.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 22.  The Commissioner does not oppose.  *Id.* at 2.  The motion has been referred to the undersigned, and the matter is ripe.  Upon review, however, the motion does not provide sufficient information for the undersigned to recommend that the Court grant the requested relief.

Specifically, as noted above, Plaintiff filed this matter through one attorney—Sarah Elizabeth Atkins, Esq.  Doc. No. 1.  However, the motion seeks to recover for what appears to be work performed solely by other attorneys who did not appear in this case, to include George C. Piemonte, Alyssa Jackson, and an unidentified "SM."  *See* Doc. No. 22-3.  Plaintiff provides no information for "SM," Attorneys Piemonte or Jackson did not appear in this case specially or otherwise, and it does not appear that Attorneys Piemonte or Jackson are members of the Bar of this Court.  *See* Doc. Nos. 22-6, 22-7.  Plaintiff fails to explain by citation to legal authority why these non-admitted attorneys would be entitled to the full statutory rate for attorneys' fees under the EAJA.  *Cf. Martin v. Comm'r of*

- 2 -

*Soc. Sec.*, No. 6:17-cv-1974-Orl-KRS, 2018 WL 8578026, at *2 (M.D. Fla. Dec. 6, 2018) ("[A]ttorneys who are not members of the Bar of this Court and have not sought or been granted *pro hac vice* admission should be compensated at the paralegal rate."); *see also Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858 (11th Cir. 2017); *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-Orl-TBS, 2018 WL 6589837, at *2 (M.D. Fla. Dec. 14, 2018); *Duffield v. Colvin*, No. 3:15-cv-1065-J-MCR, 2016 WL 6037306, at *2 (M.D. Fla. Oct. 14, 2016); *Bumgardner v. Comm'r of Soc. Sec.*, No. 6:12-cv-18-Orl-31TBS, 2014 WL 5426538, at *4 (M.D. Fla. Oct. 22, 2014); *Riggins v. Astrue, No. 3:09-cv-856-J-TEM*, 2011 WL 2119338, at *2–3 (M.D. Fla. May 27, 2011)).

Moreover, even assuming that the work of these attorneys is fully recoverable as suggested, Plaintiff's motion fails to adequately explain how the calculation regarding the total requested in EAJA fees—$8,750.00—was reached, given that Plaintiff seeks to recover for 1.5 hours of work performed in 2023 at a rate of $244.62, and 36.8 hours of work performed in 2024 at a rate of $250.60, which, in total, does not equate to $8,750.00. *See* Doc. No. 22-3.

Finally, although the motion states that Plaintiff "has a net worth of less than $2,000,000.00," Doc. No. 22, at 1, this does not demonstrate that Plaintiff's net worth was less than $2 million *at the time the complaint was filed*, as required by the statute. *See* 28 U.S.C. § 2412(d)(2)(B) (defining "party" under the statute as "an individual

whose net worth did not exceed $2,000,000 *at the time the civil action was filed*" (emphasis added)).

For these reasons, Plaintiff's motion (Doc. No. 22) is **DENIED without prejudice**.[1]  A renewed motion, which must be filed within **fourteen (14) days** of the date of this Order, shall address these issues, in addition to satisfying the remaining requirements for eligibility of an attorney fee award under the EAJA.

**DONE** and **ORDERED** in Orlando, Florida on January 6, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court also notes that while Plaintiff certifies that "the body of this document was produced in 14 point Times New Roman font," Doc. No. 22, at 2; Doc. No. 22-1, at 5, this does not comply with the presiding District Judge's January 13, 2021 Standing Order. *See In re: Local Rule Amendments*, No. 6:21-mc-3-Orl-WWB, Doc. No. 1 (M.D. Fla. Jan. 13, 2021), *available at* https://www.flmd.uscourts.gov/standing-order-judge-berger-revised-local-rules.